MARY L. HAYCROFT, PLAINTIFF, v. THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, DEFENDANT.

|  |  |
|---|---|
| 2h | 489 |
| 174 NY | 51 |
| 2h | 489 |
| 174 NY | 51 |

*Contributory negligence — Infant — degree of care required of.*

An infant is not held by law to the exercise of the same degree of care and caution that would be required of an older person; and in an action brought to recover for damages sustained by an infant, the question of contributory negligence is one of fact for the jury, and it cannot be determined by the court as one of law.

MOTION by plaintiff for a new trial, on exceptions ordered to be heard in the first instance at General Term.

This action was brought to recover for injuries sustained by plaintiff at a railroad crossing in the village of Dunkirk. At the

close of the plaintiff's evidence, the defendant moved for a nonsuit, which the court granted, on the ground that it appeared from the evidence, that the plaintiff, by her own negligence, contributed to the injuries sustained by her.

*C. D. Murray*, for the plaintiff. The question of contributory negligence should have been submitted to the jury. (*Hackford* v. *N. Y. C. & H. R. R. Co.*, 53 N. Y., 654; 35 id., 38; *Eaton* v. *Erie R. Co.*, 51 id., 544.) The plaintiff is not to be held to the same degree of care as an adult. (*Costello* v. *S. & B. R. R. Co.*, 65 Barb., 92; 38 N. Y., 445; 36 id., 39; 37 id., 568.)

*James M. Willett*, for the defendant. The question of contributory negligence is a question of law for the court. (*Morrison* v. *Erie R. Co.*, Court of Appeals; not yet reported.)

MULLIN, P. J.:

The nonsuit was granted in this case, I doubt not, on the evidence of the plaintiff herself, as she was the only person who could testify as to what she did, or omitted to do, on the occasion of her injury by defendant's engine.

The plaintiff, at the time of the injury, was in her seventeenth year, and was on her way from her mother's house to her school. She had to cross some five tracks on defendant's road, and she had crossed, before being struck by the engine, three of those tracks. As she was crossing the third track, an express passenger train came along, and she stopped; and as she did so, she looked up and down the track, and saw no engine or car in motion. The view west was unobstructed for about a quarter of a mile. She did not look up or down the track but once after she stopped, and before being struck. She stood looking along the street she was in on her way to school; she remained standing some ten minutes, waiting for the express train to pass; and while so waiting, an engine came along from the west, without sounding the whistle or ringing the bell, at the rate of eight miles per hour, and struck her, knocked her down, and cut off all the fingers on one of her hands, except the thumb and forefinger.

I cannot concur with the learned judge by whom this cause was

tried, that the question of concurring negligence was one of law for the court, and not of fact for the jury.  The plaintiff, although of an age when she must be deemed competent to take care of herself, yet she was young and without the experience, especially in novel and dangerous situations, that older persons generally have. Her attention was naturally drawn to the train that just arrived, and she had the right to expect the usual signals from an approaching engine.  She did look, after the express stopped, up and down the track to see if anything was approaching that might do her injury.  Seeing nothing, hearing nothing, she waited until all danger from the express train should pass away, and was approached stealthily by an engine, struck and injured.  Now, if there is any allowance to be made, in measuring the degree of care which this young girl was bound to use, for her youth, her inexperience, for the tendency of persons of her age to allow their attention to be given to objects of interest in their immediate view, and to overlook dangers from causes not immediately in view, then it was for the jury to say, whether this young girl did not, under all the circumstances, use all the care and diligence to guard against danger, that could be reasonably required from one of her age. If no allowance is to be made for her youth and inexperience, the question was one of law, and properly disposed of by the learned judge.  But I cannot think the law is so unjust as to hold this child to the exercise of the same degree of care and caution that would be required of an older person, and if not, the question should have been submitted to the jury.  Because it was not so submitted, I am of the opinion that the nonsuit was erroneous; and the judgment should be reversed and a new trial granted, costs to abide event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed and new trial granted, costs to abide event.